UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. DENT,                     )
                                     )
          Petitioner,                )
                                     )
     v.                              )     No. 3:11 CV 287
                                     )
SUPERINTENDENT,                      )
Indiana State Prison,                )
                                     )
          Respondent.                )

## OPINION and ORDER

Charles Dent, a prisoner confined at the Indiana State Prison ("ISP"), submitted a

petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned

credit time in a prison disciplinary hearing. On May 12, 2011, Correctional Officers

E. Trute and R. Wilgus went to Dent's cell to conduct a shakedown. Before the officers

could get into Dent's cell, they saw him start to pour two gallons of what appeared to be

intoxicants down his sink. According to the conduct report, they ordered Dent to stop,

but "he refused and continued to despose (sic) of the intoxicants." (DE # 10-1.)

Based on his observations, Officer Trute wrote a conduct report against Dent for

possessing intoxicants. (DE #10-1.) On May 31, 2011, a disciplinary hearing officer

found Dent guilty and imposed a loss of thirty days of earned credit time. Dent

appealed unsuccessfully to the ISP Superintendent and the Indiana Department of

Correction's final reviewing authority.

The Respondent has filed a response to the order to show cause and has

submitted the administrative record of the proceedings against Dent. Dent has not filed

a traverse, but did file a notice to the court asserting that the Respondent's response to

order was not timely filed, and asking the Court to grant his request for relief for that

reason. (DE # 11.) The Court ordered the Respondent to file his response by January 28,

2012. (DE # 6). Because January 28 fell on a Saturday, the response was actually due on

the following Monday, January 30, 2012, and the Respondent filed his response to order

and the administrative record on that date. Accordingly, the response was timely filed.

Where prisoners lose good time credits at prison disciplinary hearings, the

Fourteenth Amendment's Due Process Clause guarantees them certain procedural

protections, including (1) advance written notice of the charges; (2) an opportunity to be

heard before an impartial decision maker; (3) an opportunity to call witnesses and

present exculpatory evidence in defense when consistent with institutional safety and

correctional goals; and (4) a written statement by the fact finder of evidence relied on

and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Dent states that he "requested a field test for the liquid that was leftover in the

bag and none was given." (DE # 1 at 3.) He asserts that he was denied the opportunity

to present evidence because the liquid described in the conduct report was not tested to

determine if it was an intoxicant. A reasonable opportunity to call witnesses and

present exculpatory evidence is one of the due process rights guaranteed to prisoners

by *Wolff v. McDonnell*.

In his response to order, the Respondent states that no field test was conducted,

so there were no results to give to Dent or the hearing officer. The Respondent also

notes that Dent poured the intoxicants "down the drain and refused to stop doing so

2

when ordered to by the officers performing the shakedown of his cell." (DE # 10-8.) The

hearing officer stated in the report of disciplinary hearing that "[b]ecause the liquid was

disposed of by the offender there was not a test done on it." (DE # 10-8.)

Dent denies that he disposed of the liquid. (DE # 1 at 4.) In the alternative, he

suggests that even after most of the liquid was poured down the sink there may have

been a small residue left that could have been tested. (DE # 1 at 3-4.) Federal courts do

not, however, second guess a disciplinary hearing board's factual findings or reweigh

the evidence. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455-56

(1985). Accordingly, this court must accept as a fact that there was no evidence left to

test after Dent poured the contents of the bag down his sink. Therefore, the ISP officials'

inability to provide Dent with test results did not violate his due process rights.

Dent also asserts that without a test result showing the liquid in his cell was an

intoxicant, there was insufficient evidence to find him guilty of possessing intoxicants.

The Respondent argues that Officer Trute's statement and the bag confiscated from

Dent after he disposed of its contents were sufficient to support a finding of guilt.

The amount of evidence needed to support a finding of guilt in prison

disciplinary hearings is very modest; there need only be "some evidence" to support the

decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. A reviewing court must

uphold a finding of guilt if "there is any evidence in the record that could support the

conclusion reached" by the disciplinary hearing board. *Id*. at 455-56. In the appropriate

circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The reporting officer stated that he observed Dent disposing of liquid that appeared to be an intoxicant by pouring it down the sink in his cell, and the hearing officer credited this testimony, relying on it to find Dent guilty. (DE # 10-8.) Dent denies that he disposed of the liquid evidence, but the hearing officer believed the reporting officer rather than Dent. Federal courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweighing the evidence. *Hill,* 472 U.S. at 455-56. The reporting officer's statement that he observed Dent pouring liquid down the drain and his identification of the liquid as an intoxicant constitutes "some evidence" to support the decision of the prison disciplinary board." *Id.*

For the foregoing reasons, the court **DENIES** Dent's request that it grant his requested relief because the Respondent did not file a timely response to order (DE # 11), and **DENIES** this petition for writ of habeas corpus. (DE # 1.)

<b>SO ORDERED.</b>

Date: March 13, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT